IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMOND MONTA EASTER,<br>　#29733-177,<br>　　　　MOVANT,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br>　　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:19-CV-554-G-BK<br>(CRIMINAL NO. 3:02-CR-366-G-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Movant Demond Monta Easter's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed herein, the motion should be summarily **DISMISSED WITH PREJUDICE**.[1]

**I.　BACKGROUND**

In 2003, Easter pled guilty to bank robbery and was sentenced under the Sentencing Guidelines career offender provisions to 151 months' imprisonment and a three-year term of supervised release. *United States v. Easter*, 3:02-CR-366-G-1, Crim. Doc. 22 (N.D. Tex. May 29, 2003), *dismissed as frivolous*, No. 03-10540 (5th Cir. June 4, 2004); Crim. Doc. 45-1 at 8, Presentence Report ¶ 34. On February 6, 2018, Easter unsuccessfully sought leave to file a

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

successive application based on the holdings in *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016)*, United States v. Tanksley* , 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), and *Dean v. United States*, ___ U.S. ___, 137 S. Ct. 1170 (2017). But the application was denied as unnecessary as Easter had not filed a prior Section 2255. *In re Easter*, No. 18-10151 (5th Cir. July 2, 2018).

Then on March 5, 2019, Easter filed the instant *pro se* Section 2255 motion asserting that his sentence was no longer valid in light of the holding in *Tanksley* because his prior Texas drug convictions no longer qualify as controlled substance offenses for purposes of the career offender enhancement under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4B1.1. Doc. 1 at 4. As his Section 2255 motion appeared untimely, the Court directed Easter to respond by April 5, 2019 regarding the application of the one-year limitations period. Doc. 11. As of the date of this recommendation, however, he has failed to respond to the Court's order. That notwithstanding, the Court now concludes that Easter is not entitled to relief.

## II.  ANALYSIS

Over ten year after Easter's conviction became final, the United States Supreme Court decided *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243, 2253 (2016), which clarified when courts may use the modified categorical approach to narrow a statute to determine if it qualifies as a certain type of offense under federal criminal and immigration laws. Relying on *Mathis*, the United States Court of Appeals for the Fifth Circuit subsequently held that the Texas crimes of delivery of a controlled substance and possession with intent to deliver a controlled substance are not controlled substance offenses within the meaning of  U.S.S.G. § 4B1.1. *United States v. Hinkle*, 832 F.3d 569, 571 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347, 352

(5th Cir.), *supplemented by*, 854 F.3d 284 (5th Cir. 2017) (overturning *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007)).

Unlike *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), however, *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam). Indeed, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades-old precedent. 136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final"). Moreover, *Tanksley* is not a decision of the Supreme Court that is "substantive [and thus] has retroactive effect under *Teague* in cases on collateral review." *Welch v. United States*, — U.S. —, 136 S. Ct. 1257, 1265 (2016).

At bottom, Easter's claim is a mere challenge of guideline calculations and is not cognizable on Section 2255 review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of sentencing guidelines does not give rise to a constitutional issue cognizable under Section 2255); *Rios v. United States*, No. 3:16-CV-2939-K, 2018 WL 6329696, at *2 (N.D. Tex. Dec. 3, 2018) (Kinkeade, J.) (rejecting *Mathis-Hinkle-Tanksley* challenge as not cognizable on collateral review); *see also Beckles v. United States*, — U.S. —, 137 S. Ct. 886, 892 (2017) ("the Guidelines are not subject to a vagueness challenge under the Due Process Clause").

### III.   CONCLUSION

For the foregoing reasons, Easter's Section 2255 Motion should be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on December 17, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).